

**GOVERNMENT EXHIBIT 1**

**U.S. Department of Justice**

*JOHN C. GURGANUS*
*United States Attorney*
*Middle District of Pennsylvania*
Website: www.justice.gov/usao/pam/
Email: usapam.contact@usdoj.gov

---

| | | |
|---|---|---|
| *William J. Nealon Federal Building*<br>*Suite 311*<br>*235 N. Washington Avenue*<br>*P.O. Box 309*<br>*Scranton, PA 18503-0309*<br>*(570) 348-2800*<br>*FAX (570) 348-2037/348-2830* | *Ronald Reagan Federal Building*<br>*Suite 220*<br>*228 Walnut Street*<br>*P.O. Box 11754*<br>*Harrisburg, PA 17108-1754*<br>*(717) 221-4482*<br>*FAX (717) 221-4493* | *Herman T. Schneebeli Federal Building*<br>*Suite 316*<br>*240 West Third Street*<br>*Williamsport, PA 17701-6465*<br>*(570) 326-1935*<br>*FAX (570) 326-7916* |

*Please respond to: Harrisburg*

## PROFFER LETTER

April 14, 2022

Sarah Hyser-Staub
McNees Wallace & Nurick LLC
100 Pine St.
Harrisburg, PA 17101

    Re:    Mr. Rishi Budhadev

Dear Attorney Hyser-Staub:

    You stated that your client, Rishi Budhadev, is interested in meeting with law enforcement authorities for the purposes of a proffer concerning his knowledge of possible violations of federal law, including, but not limited to, IRS scams and other advance-fee/telemarketing schemes. We are interested in pursuing this matter and will consider such a proffer in formulating an appropriate resolution of this matter. The purpose of this letter is to set forth the full terms and conditions under which the United States will agree to take such a proffer from your client.

    1.    Rishi Budhadev agrees to provide complete and truthful information during an oral interview to be conducted by law enforcement officials and to disclose all information and documents, records or other materials in his care, custody, or control which the government believes is related to the subject matter of this investigation. If your client declines to answer any question, the government may terminate the interview at that time.

    2.    Except as set forth below, no statements or information provided by your client in the proffer will be used against him in the government's case-in-chief in any criminal case other than a prosecution for perjury, false statements, or obstruction of justice. In addition, except as provided in U.S.S.G. § 1B1.8, self-

incriminating information provided by your client pursuant to this agreement will not be used against him in determining the applicable guideline range, should a sentencing occur.

  3. Notwithstanding the foregoing paragraph, there will be no limitations on the right of the United States to make derivative use of the statements and other information provided by your client. The derivative information obtained can be used for any purpose deemed appropriate by the United States, that is:

  a. Your client waives any right to challenge such derivative use and agrees that such use is proper; and

  b. Your client agrees that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 do not govern such derivative use.

This provision is necessary to eliminate the necessity for any type of <u>Kastigar</u> hearing at which the government would have to prove that its evidence at trial, sentencing, grand jury, or other legal proceeding is not tainted by any statements made or information provided by your client during the proffer.

  4. In the event that Rishi Budhadev is a witness or party at any trial, civil or criminal, any grand jury, or any other legal proceeding, and testifies and/or offers evidence contrary to the proffer or through counsel presents a position inconsistent with the proffer, the United States may use your client's statements and the information derived directly or indirectly from the proffer, in any manner it deems appropriate and at any stage of the criminal prosecution, including its case-in-chief, and for impeachment, cross-examination, and rebuttal. This provision is necessary to help assure that your client does not abuse the opportunity for a proffer, make materially false statements to a government agency, commit perjury, or offer false evidence at trial or other legal proceeding.

  5. If Rishi Budhadev provides information to the government during the proffer which is knowingly false or misleading, or intended to obstruct justice, he will be subject to prosecution for any applicable criminal violation including, but not limited to, perjury, false statements, and obstruction of justice. Any such prosecution could be based upon any statements or information provided by your client during the proffer.

  6. In determining whether or not your client has been truthful, the United States may elect to administer a polygraph examination of your client to be administered by a polygrapher of the government's choice.

  7. The United States is unwilling to take a proffer from any person (1) who will permit the content of the interview to be shared with any non-government representative; or (2) who is a party to a joint defense agreement. By agreeing to provide a proffer, evidenced by his signature below, you and your client confirm that the content of the proffer will remain confidential and that you and your client will not disclose the content of the proffer to any non-government representative

without the express prior written approval of the undersigned Assistant U.S. Attorney. It is essential for Rishi Budhadev to understand that any violation of the confidentiality of the proffer will make further cooperation with federal law enforcement officials impossible; will permit the United States, at its discretion, to void this proffer agreement; and, will permit the United States, without limitation, to use statements made by your client during the proffer in any subsequent legal proceeding.

8. Rishi Budhadev understands that no promises, agreements, or understanding exist between the parties other than those set forth in this agreement, and no modification of this agreement shall have effect unless executed in writing by the parties with the same formalities as in this agreement. This agreement does not constitute a plea agreement or a cooperation agreement, nor is it a precursor to, or part of, such an agreement. It merely provides a set of terms and conditions to govern the proffer interview.

9. If your client wishes to engage in a proffer under these terms and conditions, please have this letter signed and dated where indicated below. By his signature Rishi Budhadev acknowledges that he has read this agreement in its entirety, has discussed it with you, fully understands it, and that he is entering into the agreement voluntarily.

Sincerely,

JOHN C. GURGANUS
United States Attorney

RAVI R. SHARMA
Assistant U.S. Attorney

AGREED:

_____     5/4/22
SARAH HYSER-STAUB, ESQUIRE           Date:
Counsel for Rishi Budhadev

I have read the foregoing agreement, I have discussed it with my attorney, and I voluntarily and knowingly agree to the terms set forth.

_____     5/4/22
RISHI BUDHADEV                       Date:

3